IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40826
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,


versus

LARRY BENARD HOLLAND,

                                    Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:96-CR-13-11
- - - - - - - - - -
June 17, 1997
Before SMITH, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Larry Benard Holland appeals his guilty-plea conviction to

possession with intent to distribute cocaine base and

distribution of cocaine base.

     A notice of appeal must "designate the judgment, or order or

part thereof appealed from."  Fed. R. App. P. 3(c).  Although

Holland stated in his notice of appeal that he was appealing "the

order regarding the Government's Motion for Downward Departure,

_____

     [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

and its effect on sentencing entered in this action on the 5th day of August, 1996," he argues in his appellate brief the type of sentencing guidelines issue which he reserved as his right to appeal. This demonstration of an intent to appeal his sentence, combined with the lack of prejudice to the Government, who has already replied in its appellate brief to Holland's sentencing issue, allows this court to liberally construe Holland's notice of appeal such that it is not jurisdictionally defective for failing to correctly designate the ruling from which it is appealing. See United States v. Winn, 948 F.2d 145, 154 (5th Cir. 1991).

Because all of the acts of his coconspirators were reasonably foreseeable to him as relevant conduct, the district court did not commit plain error by calculating as the amount of drugs attributable to Holland, the entire amount of drugs seized or obtained during the course of the conspiracy. See U.S.S.G. § 1B1.3(a)(1)(B); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

AFFIRMED.